SEYFARTH SHAW LLP
Daniel P. Hart (Admitted Pro Hac Vice)
dhart@seyfarth.com
1075 Peachtree Street NE,
Suite 2500
Atlanta, GA 30309
Telephone: (404) 881-5433
Facsimile: (404) 724-1633

Kerry Friedrichs (Bar No. 198143)
kfriedrichs@seyfarth.com
560 Mission Street,
31st Floor
San Francisco, CA 94105-2930
Telephone:  (415) 544-1087
Facsimile:  (415) 397-8549

Attorneys for Defendant
LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LYFT, INC., and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 3:18-cv-07166-RS<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND TO ISSUE PRE-FILING ORDER**<br><br>Judge:　　Hon. Richard Seeborg<br>Crtrm:　　3, 17th Floor<br>Hearing:　March 28, 2019 1:30 p.m. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 28, 2019, at 1:30 p.m., or as soon thereafter as may be

heard, in Courtroom 3 on the 17th Floor of the above-entitled Court located at 450 Golden Gate, San

Francisco, California 94102, Defendant Lyft, Inc. ("Lyft") will and hereby does move under the All

Writs Act, 28 U.S.C. § 1651(a), for an Order: (1) declaring Plaintiff to be a vexatious litigant and (2)

precluding future filings (including any pleadings, motions, or any other filings) by Plaintiff against Lyft

in any District Court as follows: any filings (a) against Lyft, its current or former officers, directors or employees, or (b) against Lyft's attorneys or law firms that formerly represented or presently represent Lyft in any action against Plaintiff, and that (c) arise from or relate to Plaintiff's use of the Lyft platform, or (d) arise from or relate to any lawsuit concerning Plaintiff's use of the Lyft platform, or (e) seek to relitigate the issues Plaintiff has previously raised in such lawsuit, unless (i) he is represented by counsel at all times, or (ii) he posts a $1,000 bond in the action in which the filing is made, attaches to any proposed filing a signed affidavit swearing he has read Federal Rule of Civil Procedure 11 and will abide by its provisions, and obtains a pre-filing review and prior court order allowing him to file the proposed filing.  In the alternative, and at a minimum, Lyft requests that the Court issue the above-referenced order limited to the Northern District of California.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, the accompanying Request for Judicial Notice, the Declarations of Daniel P. Hart and Kerry Friedrichs, and any other oral or written material that may be presented to the Court at or before the hearing on this motion.

**WHEREFORE**, Lyft requests that this Motion be granted, and for other and further relief as this Court may deem just and proper.

DATED:  February 19, 2019                     Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Daniel P. Hart*
Daniel P. Hart

Attorney for Defendant
LYFT, INC.

2

1

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ............................................................................................... 3

        A.      Plaintiff Is Declared a Vexatious Litigant in Multiple Jurisdictions ................. 3

                1.      California Superior Court (August 22, 2013) ....................................... 3

                2.      U.S. District Court for the Southern District of Georgia (May 31, 2018) ............. 4

                3.      U.S. District Court for the Central District of California (September 26, 2018) ................................................................ 5

        B.      Plaintiff Files Four Lawsuits Against Lyft in the Last Five Months, Including Three in the U.S. District Court for the Northern District of California. ......................... 6

                1.      Oliver v. Lyft, Inc. (N.D. Cal. 3:18-cv-05505-MMC/S.D. Ga. 4:18-cv-00270-WTM-JEG) (filed September 7, 2018) ............................... 6

                2.      Oliver v. Lyft, Inc. (Magistrate Court of Chatham County  MGCV18-14599) (filed October 23, 2018) .................................. 8

                3.      Oliver v. Lyft, Inc. (N.D. Cal. 18-cv-07166-RS) (filed November 26, 2018) ............................................................... 8

                4.      Oliver v. Lyft, Inc. (N.D. Cal. Case No. 3:19-cv-00270-WHA) (filed January 14, 2019) ......................................................... 12

        C.      Plaintiff Files Over 75 State and Federal Lawsuits With No Verdicts in His Favor. ........ 13

        D.      Plaintiff is Admonished By Federal Courts For Abusive Litigation Conduct and Misrepresenting That He is a Lawyer .................................... 14

        E.      Plaintiff Voluntarily Dismisses Cases to Avoid Vexatious Litigant Findings ................. 15

III.    ARGUMENT ................................................................................................... 15

        A.      This Court Has the Authority to Issue a Pre-Filing Order Against Plaintiff as a Vexatious Litigant ........................................................... 15

        B.      Plaintiff Satisfies the Standard for Vexatious Litigants. ................................. 15

                1.      Plaintiff Has Been Given Adequate Notice and an Opportunity to Be Heard ................................................................... 16

                2.      The Court Has an Ample Record on Which to Base a Vexatious Litigant Finding. ................................................................ 16

                3.      The Record is Replete with Evidence of Plaintiff's Substantively Frivolous and Harassing Litigation Conduct. .......................... 17

i

a.    Plaintiff Has of History of Vexatious, Harassing, and Duplicative Litigation ............................................................................. 17

b.    Plaintiff Does Not Have an Objective Good Faith Expectation of Prevailing on His Lawsuits.......................................................... 18

c.    Plaintiff's Pro Se Status is Not Entitled to Special Consideration Given His Repeated Misconduct .............................................. 20

d.    Plaintiff Has Caused Needless Expense to Other Parties and Has Burdened the Courts .................................................................... 20

e.    Other Sanctions Would Not Be Adequate to Curb Plaintiff's Abuse of the Judicial Process. ............................................................. 21

4.    Defendant's Proposed Pre-Filing Order is Narrowly Tailored. ........................... 23

CONCLUSION................................................................................................................. 23

54409723v.10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Oliver v. Lyft, Inc.*
  (N.D. Cal. 18-cv-07166-RS) (filed November 26, 2018)..................................................... 8

*Oliver v. Lyft, Inc.*
  (N.D. Cal. 3:18-cv-05505-MMC/S.D. Ga. 4:18-cv-00270-WTM-JEG) (filed
  September 7, 2018) ....................................................................................................... 6, 8

*Oliver v. Lyft, Inc.*
  (N.D. Cal. Case No. 3:19-cv-00270-WHA) (filed January 14, 2019) ............................ 12

*Oliver v. Lyft, Inc.*,
  N.D. Cal. No. 3:18-cv-07166-RS...........................................................................8, 10, 12

*Oliver v. Lyft, Inc.*
  N.D. Cal. No. 3:19-cv-00270-WHA ...............................................................12, 13, 22

*Boustred v. Gov't and County of Santa Cruz*,
  No. C-08-00546-RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) ....................17, 20

*Bruzzone v. Intel Corp.*,
  14-01279-WHA, 2014 WL 4090470 (N.D. Cal. Aug. 19, 2014) .........................18, 22, 23

*Cotter v. Lyft, Inc.*
  N.D. Cal. No. 3:13-cv-04065-VC ............................................................................. 1, 12

*Cowan v. William Morris Agency, LLC*,
  Case No. EDCV 08-917-VAP, 2009 WL 10669085 (C.D. Cal. Dec. 17, 2009).............................. 22

*De Long*, 912 F.2d at 1148 (citing *In re Powell*,
  851 F.2d 427 (D.C. Cir. 1988).................................................................................. 17

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ............................................................................ *passim*

*Heredia v. TTM Techs. Inc.*,
  No. 18-cv-01237-EJD, 2018 WL 3566869 (N.D. Cal. July 25, 2018) ............................ 20

*Johns v. County of San Diego*,
  114 F.3d 874 (9th Cir. 1997) ..................................................................................... 19

*Martin v. Redwood City Dental Care*,
  No. 15-cv-03151-JST, 2015 WL 9489898 ....................................................18, 20, 23

54409723v.10

*Maxwell v. MOAB Investment Group, LLC*,
    No. 14-cv-03095-WHO, 2014 WL 4757429 (N.D. Cal. Sept. 24, 2014)........................................ 20

*Molski v. Evergreen Dynasty Corp.*,
    500 F.3d 1047 (9th Cir. 2007) ............................................................................................. *passim*

*Oliver v. City of Oceanside*,
    S.D. Cal No. 3:16-cv-00565-BAS-JLB ................................................................................. 15

*Oliver v. CMRE Financial Services, Inc.*,
    C.D. Cal. No. 2:15-cv-08174-RGK-RAO .............................................................................. 14

*Oliver v. County of Chatham*,
    S.D. Ga. No. 4:17-cv-00101-WTM-BKE............................................................................. 4, 5

*Oliver v. County of Los Angeles*,
    C.D. Cal. No. 2:15-cv-07791-SJO-KK ................................................................................. 14

*Oliver v. County of Los Angeles*,
    C.D. Cal. No. 2:15-cv-09731-GW-JPR................................................................................. 15

*Oliver v. Cty. of Chatham*,
    No. 4:17-cv-00101-WTM-BKE, 2018 WL 1573560 (S.D. Ga. Mar. 30, 2018), *report
    and recommendation adopted*, 2018 WL 2449201 (S.D. Ga. May 31, 2018)............................... 2, 23

*Oliver v. Luner*,
    N.D. Cal. No. 2:18-cv-02562-VAP-AFM .............................................................................. *passim*

*Oliver v. Lyft, Inc.*,
    N.D. Cal. No. 3:18-cv-05505-MMC ..................................................................................... *passim*

*Oliver v. Scram of California, Inc.*,
    S.D. Cal. No. 3:16-cv-01193-LAB-KSC ................................................................................14, 19

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
    210 F.3d 1112 (9th Cir. 2000) ............................................................................................. 16

*Patterson v. Goncalves*,
    14-cv-01311-CRB, 14-cv-01313-CRB, 2014 WL 4683222 (N.D. Cal. Sept. 19, 2014)..18, 20, 21, 23

*Reddy v. MedQuist, Inc.*,
    No. CV-12-01324-PSG, 2012 WL 6020010 (N.D. Cal. Dec. 3, 2012) .................................... *passim*

*Russell v. United States*,
    308 F.2d 78 (9th Cir. 1962) ................................................................................................ 19

*Safir v. U.S. Lines, Inc.*,
    792 F.2d 19 (2d Cir. 1986) ................................................................................................17, 23

iv

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*,
    14-CV-05142-LHK, 2015 WL 1063070 (N.D. Cal. Mar. 10, 2015) ............................. 17, 18, 20, 21

*Wages v. IRS*,
    915 F.2d 1230 (9th Cir. 1989) .................................................................................................. 22

*Weissman v. Quail Lodge, Inc.*,
    179 F.3d 1194 (9th Cir. 1999) ................................................................................................. 15

**State Cases**

*Oliver v. Cal. Dept. of Corr. & Rehab., et al.*,
    Los Angeles County Superior Court No. LC100912 ...................................................................... 4

*Oliver v. Gutgesell*,
    San Bernardino County Superior Court No. CIVDS1306590 ........................................................ 4

*Oliver v. Progressive Financial/Bright House Networks*,
    San Bernardino County Superior Court No. SMCVS1300943 ............................................... 3, 4, 7

**Federal Statutes**

15 U.S.C. § 1 ................................................................................................................................ 6

15 U.S.C. § 78u-6(h) *et seq.* ......................................................................................................... 9

15 U.S.C. § 1051 *et seq.* ............................................................................................................... 6

18 U.S.C. § 1514A *et seq.* ............................................................................................................. 9

18 U.S.C. §§ 1861 *et seq.* .............................................................................................................. 7

28 U.S.C. § 1651(a) ............................................................................................................... 3, 15

28 U.S.C. § 1927 ........................................................................................................................ 22

**State Statutes**

California Business and Professions Code § 6043.5 ........................................................................ 2

California Business and Professions Code §§ 17200 *et seq.* ..................................................... 6, 13

California Code of Civil Procedure §§ 2223 & 2224 ................................................................. 6, 13

Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.* .............................. 6, 13

**Rules**

Federal Rule of Civil Procedure 11 ...................................................................................... *passim*

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Lyft, Inc. ("Lyft") moves the Court for an Order deeming Plaintiff Anthony Oliver ("Plaintiff" or "Oliver") a vexatious litigant and imposing upon him pre-filing approval requirements for future lawsuits against Lyft.

Oliver is a serial vexatious litigant who continues to abuse the legal system. Three courts, including state and federal courts in California (the United States District Court for the Central District of California and the California Superior Court), as well as his home district court (the United States District Court for the Southern District of Georgia) have issued vexatious litigant orders against Oliver, sanctioning his practice of filing frivolous lawsuits and engaging in harassing litigation conduct – including, among much else, (i) filing false and defamatory pleadings personally attacking defendants and their counsel, (ii) filing meritless lawsuits and briefs only to withdraw them after forcing defendants to hire counsel and incur costs opposing them; and (iii) representing to courts, opposing parties, and private individuals that he is an attorney, when in fact he is not and never has been.  Oliver has filed over 75 lawsuits in state and federal courts around the country since 2005, including against celebrities, private and public companies, public officials, government entities, and others; none of which have resulted in his favor on the merits, and several of which he has voluntarily dismissed after forcing defendants to expend considerable resources defending the actions.[1]

Lyft and the District Court for the Northern District of California have become Oliver's most recent objects of fixation.  In the past five months alone, Oliver has filed three actions against Lyft in this District,[2] and has continued to exhibit his "propensity to file flurries of motions, notices, and

---

[1] *See* Declaration of Daniel P. Hart ("Hart Dec."), Exh. C [Compilation of Plaintiff's Cases].  The number of cases Plaintiff has filed in state and federal court is likely much closer to 100 cases.  Lyft has only listed the 76 cases for which it could confirm Plaintiff's identity.  An addition eight (8) federal cases and twenty-eight (28) state cases filed by a plaintiff named "Anthony Oliver" were omitted from Lyft's compilation, although many plausibly involve Plaintiff, and none have resulted in an adjudication in his favor on the merits.

[2] Plaintiff has also filed an action against Lyft in the Magistrate Court of Chatham County, Georgia, which is pending, and has filed a second Motion to Relate the present action to *Cotter v. Lyft, Inc.* N.D. Cal. No. 3:13-cv-04065-VC.

variously captioned documents with the Court, and his inclination to make serious allegations of misconduct against opposing counsel." *Oliver v. Cty. of Chatham*, No. 4:17-cv-00101-WTM-BKE, 2018 WL 1573560, at *1 (S.D. Ga. Mar. 30, 2018), *report and recommendation adopted*, 2018 WL 2449201 (S.D. Ga. May 31, 2018).  In just this action and his prior action against Lyft originally filed in this District alone, Oliver has filed over 30 separate motions and other documents, including, among others, (i) two complaints and three separate motions to file amended complaints containing patently frivolous causes of action, (ii) filings that contradict his own representations from just a few months earlier, (iii) multiple frivolous motions to strike Lyft's filings, (iv) a baseless and defamatory opposition to Lyft's lead counsel's motion for admission *pro hac vice* motion, and (v) an *ex parte* motion to compel discovery (including 500 requests for admission, and 100 requests for production and interrogatories – *all before Lyft had appeared in the action*).  Not surprisingly, Oliver has not yet prevailed on any motion in any of the actions filed against Lyft, aside from unopposed administrative motions (such as his motion to appear telephonically at the Case Management Conference).  In fact, on numerous occasions Oliver has withdrawn filings after Lyft was forced to incur substantial resources in responding to them.

In addition to his frivolous filings, Oliver has made numerous and repeated factual misrepresentations to this Court and state Bar disciplinary authorities.  Oliver has perjured himself before this Court by falsely declaring, under oath, that he is an "attorney."  *See* Dkt. No. 30 at ¶ 3.  He has filed a baseless motion for sanctions against Lyft and its counsel (which he claims to have sent to the State Bar of California) demanding $10,000.  *See* Dkt. No. 59.  He has submitted false and malicious reports regarding Lyft's General Counsel and outside counsel to the State Bar of California, which is a crime.  *See* Cal. Bus. & Profs. Code § 6043.5.  And, after this Court transferred his first action to his home district, Oliver submitted a baseless complaint against Lyft's lead counsel with Georgia Bar authorities as well.  *See* Hart Dec. ¶¶ 2-3.  Moreover, Oliver has repeatedly made serious accusations of misconduct against Lyft and its counsel using highly inflammatory language, without any factual basis whatsoever, including referring to Lyft's founders as "***crooks***" engaging in purported "***criminal***" actions, accusing Lyft's counsel of "***perjury***," "***fraud,***" and violations of multiple ethical rules, and characterizing Lyft's female counsel as "***so ugly***" and Lyft's other counsel as "***a little sneaky bastard***."

2

Oliver's serious litigation misconduct has strained the resources of the court system, and of the scores, if not hundreds, of defendants like Lyft who have been required to respond to his duplicative, baseless, and abusive lawsuits.  There is no end in sight and no court is immune from Oliver's grasp – since the beginning of this year, Oliver has filed new actions in the Illinois Circuit Court of Cook County, Northern District of Georgia (against a judge), and Northern District of Illinois.

To prevent Oliver's further flagrant abuse of Lyft and this District's resources, Lyft respectfully requests that the Court follow its sister Districts and exercise its authority under the All Writs Act, 28 U.S.C. § 1651(a), to (1) declare Oliver to be a vexatious litigant and (2) preclude future filings (including any pleadings, motions, or any other filings) by Oliver against Lyft in any District Court (or, alternatively, in the Northern District of California) as follows: any filings (a) against Lyft, its current or former officers, directors or employees, or (b) against Lyft's attorneys or law firms that formerly represented or presently represent Lyft in any action against Oliver, that (c) arise from or relate to Oliver's use of the Lyft platform, or (d) arise from or relate to any lawsuit concerning Oliver's use of the Lyft platform, or (e) seek to relitigate the issues Oliver has previously raised in such lawsuit, unless (i) he is represented by counsel at all times, or (ii) he posts a $1,000 bond in the action in which the filing is made, attaches to any proposed filing a signed affidavit swearing he has read Federal Rule of Civil Procedure 11 and will abide by its provisions, and obtains a pre-filing review and prior court order allowing him to file the proposed filing.

## II.    BACKGROUND

### A.    Plaintiff Is Declared a Vexatious Litigant in Multiple Jurisdictions

#### 1.    California Superior Court (August 22, 2013)

Oliver was first deemed a vexatious litigant by the San Bernardino County Superior Court on August 22, 2013.  *See Oliver v. Progressive Financial/Bright House Networks*, San Bernardino County Superior Court No. SMCVS1300943, Minute Order [RJN 30].[3]  The court found that Oliver had "engaged in tactic[s] that are **frivolous or cause unnecessary delay**." *Id.* (emphasis added).  On September 12, 2013, the court entered a pre-filing order against Oliver prohibiting him from filing *pro*

---

[3] Request for Judicial Notice "(RJN)" filed herewith.

1   *se* "any new litigation in the courts of California without approval of the presiding justice or presiding

2   judge of the court in which the action is to be filed." *Id.*, Pre-Filing Order [RJN 31].

3         Shortly thereafter, Oliver again failed to appear for a vexatious litigant hearing in a different case

4   before the San Bernardino County Superior Court. *See Oliver v. Gutgesell*, San Bernardino County

5   Superior Court No. CIVDS1306590, Ruling [RJN 32]. The court cited Oliver's recent designation as a

6   vexatious litigant, and dismissed the case based on its finding that the "litigation has **no merit** and [has]

7   been filed for the purpose of **harassment or delay**." *Id.* (emphasis added). The court further ordered

8   that a pre-filing order be entered against Oliver. *Id.*

9         On October 15, 2013, Plaintiff violated the pre-filing order by filing a lawsuit in the Los Angeles

10   County Superior Court *in pro se* without court approval. *See Oliver v. Cal. Dept. of Corr. & Rehab., et*

11   *al.*, Los Angeles County Superior Court No. LC100912, Complaint [RJN 33]. The court dismissed the

12   case after Oliver failed to appear at the hearing on the court's order to show cause why the case should

13   not be dismissed. *Id.*, Order Re: Order to Show Cause [RJN 34] and Order of Dismissal [RJN 35].

14   Plaintiff's name continues to appear on the "Vexatious Litigant List" maintained by the Judicial Council

15   of California, which is based on pre-filing orders submitted by California Superior Courts. *See* Judicial

16   Council of California, Vexatious Litigant List [RJN 53].

17         **2.**    **U.S. District Court for the Southern District of Georgia (May 31, 2018)**

18         On May 31, 2018, the U.S. District Court for the Southern District of Georgia adopted the

19   Magistrate Judge's report and recommendations to dismiss Oliver's action in that Court with prejudice,

20   and to issue a pre-filing order against Oliver *See Oliver v. County of Chatham* ("*County of Chatham*"),

21   S.D. Ga. No. 4:17-cv-00101-WTM-BKE, Report and Recommendation (Dkt. No. 189) [RJN 36] and

22   Order Adopting Report and Recommendation (Dkt. No. 220) [RJN 37]. The pre-filing order enjoins

23   Oliver from filing a lawsuit *pro se* in the Southern District of Georgia unless Oliver (a) posts a $1,000

24   contempt bond; (b) attaches to any complaint he files a signed affidavit swearing he has read Federal

25   Rule of Civil Procedure 11 and will abide by its provisions; and (c) attaches to his complaint a copy of

26   the Court's report and recommendations and order. *Id.*, Dkt. No. 220 [RJN 37] at 2.

27

28

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

The dismissal was a sanction against Oliver for his failure to abide by an earlier order requiring him to follow special instructions before filing any motions in the case, including certifying his factual allegations under oath. *County of Chatham*, Dkt. No. 189 [RJN 36]. The court found that Oliver disobeyed this order by, *inter alia*, filing motions without the required certification and making *"**bombastic allegations of misconduct based upon minimal (at best) factual support**." Id.* at 3 (emphasis added). The dismissal was also a sanction for Oliver's continued *"**rude and disrespectful conduct,"** despite prior warnings from the Court about the "inappropriate" tone of his pleadings. *Id.* at 5 (emphasis added). In ordering pre-filing conditions against Plaintiff, the court cited Oliver's *"**extensive history of abusive litigation,"** as previously described by a judge in the Central District of California. *See id.* at 5-6 (emphasis added).

The Court denied Oliver's application to appeal *in forma pauperis* the court's pre-filing order, finding Oliver's submission was "riddled with inconsistencies and questionable financial statements," and that Oliver's appeal was altogether "frivolous and not taken in good faith." *County of Chatham*, Dkt. No. 228 [RJN 38]. The court warned Oliver that the "falsehoods and inaccuracies" in his application could subject him to criminal prosecution. *Id.* at 2. The Eleventh Circuit dismissed Oliver's appeal because he failed to pay docketing fees. *Id.*, Dkt. No. 231 [RJN 39].

### 3.    U.S. District Court for the Central District of California (September 26, 2018)

On September 26, 2018, Chief Judge Phillips declared Oliver a vexatious litigant, and issued a pre-filing order requiring Oliver to obtain leave of court before filing any additional lawsuits in the Central District of California, and to submit a copy of the pre-filing order and proposed filing with every motion for leave. *See Oliver v. Luner* ("*Luner*"), N.D. Cal. No. 2:18-cv-02562-VAP-AFM, Order Declaring Plaintiff To Be a Vexatious Litigant (Dkt. No 99) [RJN 42] at 8-9. Oliver's lawsuit alleged clearly time-barred sexual battery claims against a celebrity. *See id.*, Order Granting Defendant's Motion to Dismiss (Dkt. No. 88) [RJN 40]. Oliver apparently was inspired by a recent case against the actor Bill Cosby. *Id.*, Defendant's Response to OSC Re: Vexatious Litigant (Dkt No. 97) [RJN 41] at 7.

1  Significantly, the Court's pre-filing order encompasses any case sought to be filed by Oliver

2  ***regardless of subject matter***, given Oliver's ***"abusive litigation practices have not been limited to a***

3  ***specific statute, and do not stem from similar alleged circumstances."*** *Luner*, Dkt. 99 [RJN 42] at 8

4  (emphasis added).  Oliver filed an appeal of the order, which the District Court certified was frivolous

5  and not taken in good faith, and revoked Oliver's *in forma pauperis* status.  *Id.*, Dkt. No. 104 [RJN 43].

6  The Ninth Circuit agreed and denied Oliver's appeal as frivolous.  *Id.*

### B.  Plaintiff Files Four Lawsuits Against Lyft in the Last Five Months, Including Three in the U.S. District Court for the Northern District of California.

#### 1.  *Oliver v. Lyft, Inc.* **(N.D. Cal. 3:18-cv-05505-MMC/S.D. Ga. 4:18-cv-00270-WTM-JEG) (filed September 7, 2018)**

10  Oliver first filed suit in this District against Lyft, its founders, and its General Counsel on

11  September 7, 2018.  *See Oliver v. Lyft, Inc.* (*"Lyft I"*), N.D. Cal. No. 3:18-cv-05505-MMC, Complaint

12  (Dkt. No. 1) [RJN 2].  In *Lyft I*, Oliver generally alleged he was not properly compensated when he used

13  the Lyft platform as a driver, and that he was retaliated against after he allegedly complained to Lyft

14  about its alleged "deceptive" business practices.  *See id.*  The Complaint asserted seven (7) causes of

15  action for violation of the Sherman Antitrust Act, 15 U.S.C. § 1 et *seq.*; violation of the Lanham Act, 15

16  U.S.C. § 1051 *et seq.*; violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-

17  1-370 *et seq.;* violation of California Business and Professions Code §§ 17200 *et seq.*; "violation of

18  unjust enrichment"; negligent misrepresentation; and "violation of California Code of Civil Procedure

19  §§ 2223 & 2224."[4]  *See id.*  Among many other inflammatory allegations, Oliver falsely accused Lyft

20  and its senior executives of engaging in "criminal" activity, and asserted that he had referred Lyft's

21  General Counsel to the State Bar of California.  *Id.* at ¶¶ 17, 21, 22, 30, 31.

22  Before voluntarily dismissing the action just three (3) months later on December 17, 2018,

23  Oliver filed numerous unnecessary and abusive motions in both the Northern District of California and

24  the Southern District of Georgia, including:

25  • An *ex parte* Motion to Compel Discovery (including 500 requests for admission,
26  and 100 requests for production and interrogatories), which was filed before Lyft

---

[4] The California Code of Civil Procedure does not contain Section 2223 or 2224.

6

had appeared in action (Dkt. No. 10 [RJN 3]), and which was denied (Dkt. No. 11 [RJN 4]);

- A Motion to Compel Arbitration of his own lawsuit (Dkt. No. 28 [RJN 6]);

- A Motion to Transfer venue from the Northern District of California, where *Oliver* initiated suit, to the Southern District of Georgia (Dkt. No. 31 [RJN 8]);

- A Motion to Amend the Complaint to add claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1861 *et seq.*, without first inquiring whether Lyft would consent to its filing to avoid unnecessary motion practice (Dkt. Nos. 32 [RJN 9], 32-1 [RJN 10]), which motion he later withdrew (Dkt. No. 49 [RJN 18]);

- A baseless *ex parte* Application for a Temporary Restraining Order and an Order to Show Cause why a preliminary injunction should not issue against Lyft and its senior executives (Dkt. No. 33 [RJN 11]);

- A Declaration in support of his *ex parte* Application for a Temporary Restraining Order, attaching an email he sent to representatives of the State Bar of California accusing Lyft's counsel of misconduct and stating his "private investigator," "John Anderson," would be investigating Lyft's counsel (Dkt. No. 42 [RJN 15]);

- A Motion for Service of Summons and Complaint on Lyft's senior executives by the United States Marshal's Service, despite not proceeding *in forma pauperis* and never attempting service through a private process server (Dkt. No. 48 [RJN 17]).

*See generally Lyft I*, Docket [RJN 1].

The circumstances surrounding Oliver's transfer to and subsequent voluntary dismissal of the lawsuit in the Southern District of Georgia bear highlighting.  Despite initiating the lawsuit in the Northern District of California, Oliver filed a Motion to Transfer the case to the Northern or Southern Districts of Georgia, on the basis that he executed Lyft's Terms of Service in the Southern District of Georgia, that he used the Lyft platform as a driver in Georgia, and that "a majority of [his alleged] injuries occurred in the Southern District of Georgia. *Lyft I*, Dkt. No. 31 [RJN 8] at 4, 3 n. 1 and 7.  Lyft agreed that venue was proper in the Southern District of Georgia, and, after Lyft filed a non-opposition to Oliver's motions to transfer and to compel arbitration, the court transferred the case to that District. *Id.*, Order Granting Plaintiff's Motion to Transfer Venue (Dkt. No. 35) [RJN 12].

When Lyft sought to enforce the existing pre-filing order against Oliver in the Southern District of Georgia (including the $1,000 contempt bond), however, Oliver sent a "Rule 11 Letter" to Lyft's

1    counsel, attaching a motion for sanctions and threatening to report counsel to the State Bar of Georgia.

2    *See Lyft I*, Dkt. Nos. 46 [RJN 16], 54 [RJN 19], 54-1 [RJN 20], 54-2 [RJN 21].  Oliver's "Rule 11

3    Letter" was sent to Lyft's counsel from "John Anderson" (previously identified by Oliver as his alleged

4    "private investigator" in Dkt. No. 42 [RJN 15]).  *See id.*, Dkt. No. 54-1 [RJN 20].  One week after Lyft

5    filed its Reply in support of its Motion to Compel Oliver to comply with the pre-filing order, Oliver

6    voluntarily dismissed the action rather than risk an adverse order.  *See id.*, Dkt. No. 56 [RJN 22].

7            **2.**    ***Oliver v. Lyft, Inc.* (Magistrate Court of Chatham County  MGCV18-14599)**

8                  **(filed October 23, 2018)**

9            On October 23, 2018, the same day that the Northern District of California granted Oliver's

10   Motion to Transfer the above case to the Southern District of Georgia, Oliver filed an action against Lyft

11   in the Magistrate Court of Chatham County, Georgia.  *See Oliver v. Lyft, Inc.*, Magistrate Court of

12   Chatham County No. MGCV18-14599, Complaint [RJN 23].  In that action, Oliver vaguely alleges that

13   Lyft agreed to pay him $1,000 for "damages and weekly pay" but "refused to do so after Oliver

14   contacted the Federal Bureau of Investigation in New York concerning Antitrust Violations."  *Id.*  In

15   light of the barebones nature of Oliver's Complaint, which fails to include any description of the

16   substance of his alleged claims, Lyft filed a Motion for a More Definite Statement, which is pending a

17   ruling from the court.  *See id.*, Motion for a More Definite Statement [RJN 24].

18           **3.**    ***Oliver v. Lyft, Inc.* (N.D. Cal. 18-cv-07166-RS) (filed November 26, 2018)**

19           On November 26, 2018, while the first Northern District of California/Southern District of

20   Georgia lawsuit was still pending, Oliver filed the instant action.  *See Oliver v. Lyft, Inc.* ("*Lyft II*"),

21   N.D. Cal. No. 3:18-cv-07166-RS, Complaint (Dkt. No. 1).  Some portions of the Complaint in the prior

22   action are identical to portions of the Complaint here.  *Compare, e.g.*, Dkt. No. 1 at ¶¶ 11-13 and *Lyft I*,

23   Dkt. No. 1 [RJN 2] at ¶¶ 11-14.  The Complaints in both actions overlap as to many of the purported

24   events at issue.  *See, e.g.*, Dkt. No. 1 at ¶¶ 26-29 and RJN 2 at ¶¶ 31-33 (alleging retaliation related to

25   investigation of motor vehicle accident in Savannah, Georgia); Dkt. No. 1 at ¶¶ 19-21, 33 and RJN 2 at

26   ¶¶ 19-25, 27, 29 (complaining about fees allegedly deducted by Lyft from driver payments); Dkt. No. 1

27   at ¶¶ 23, 31, 33 and RJN 2 at ¶¶ 38-39, 51-61 (alleging violation of "federal antitrust laws" supposedly

8

1 based on Lyft's algorithm).  The Complaint here once more falsely accuses Lyft and its senior

2 executives of "criminal" misconduct, and alleges that Oliver reported Lyft's General Counsel to the

3 State Bar of California.  Dkt. No. 1 at ¶¶ 26, 31, 40, 118 and RJN 2 at ¶¶ 17, 21, 22, 30, 31.

4        In addition to duplicating past allegations, the Complaint contains blatant misrepresentations of

5 fact.  For example, Oliver alleges that Lyft previously "concede[d]" in a brief in the prior Northern

6 District of California case that "Plaintiff stated a claim for relief which included federal RICO and

7 Antitrust claims."  *See* Dkt. No. 1 at ¶ 102 (referring to *Lyft I*, Dkt. No. 38 [RJN 13]).  Lyft's brief said

8 nothing of the sort; indeed, Oliver's RICO claims were *never* at issue given that he voluntarily withdrew

9 his motion to add those claims.  *See Lyft I*, Dkt. No. 38 [RJN 13] and Dkt. No. 49 [RJN 18].

10        The Complaint also contains claims that are frivolous on their face.  Accordingly, Lyft has filed a

11 Motion to Dismiss the first and third causes of action, alleging, respectively, violations of the anti-

12 retaliation provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A *et seq.* ("SOX") and the Dodd-

13 Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h) *et seq.* ("Dodd-Frank

14 Act").  *See* Dkt. No. 32.  These Acts plainly do not apply to Lyft, which is not a publicly-traded

15 company and is not otherwise a covered employer under either statute as a matter of law.  *See id.*

16 Presumably recognizing these claims are patently meritless, Oliver has filed a Notice of Non-Opposition

17 to Lyft's Motion to Dismiss.  *See* Dkt. No. 37.

18        As in the prior Northern District of California case, Oliver has filed a multitude of frivolous

19 briefs in the last two months while this action has been pending:

20
21     •  An Application to Proceed *In Forma Pauperis* (Dkt. No. 3), which the Court denied because Oliver provided "incomplete and inconsistent information" (Dkt. No. 12);

22
23     •  An Application to Appoint Counsel (Dkt. 18), which the Court denied because "[n]othing in the record suggests this action involves 'exceptional circumstances'" (Dkt. No. 22 at 1);

24
25     •  An Opposition to Lyft's Administrative Motion for an Extension of Time to Answer the Complaint (Dkt. No. 20), after refusing to meet and confer with Lyft's counsel (*see* Dkt. No. 19);

26
27     •  A Motion for Leave to File a First Amended Complaint (Dkt. 25), which Oliver later withdrew, stating he would refile it to "ad[d] other Plaintiffs" (Dkt. No. 31), even though Oliver, who is proceeding *pro se*, cannot represent them;

28

9

- An Opposition to Lyft's Motion to Transfer to the Southern District of Georgia (Dkt. No. 29), despite conceding venue was proper there a mere three months earlier (*Lyft I*, Dkt. No. 31 [RJN 8]);

- An Opposition to Lyft's Motion to Compel Arbitration (Dkt. No. 38), when Oliver previously sought to enforce the identical arbitration agreement with Lyft (*Lyft I*, Dkt. No. 28 [RJN 6]);

- An Opposition to Lyft's Administrative Motion to Continue Hearing Date (Dkt. No. 46), after refusing to meet and confer with Lyft's counsel (*see* Dkt. No. 44);

- A patently frivolous Motion to Strike and for a More Definite Statement (Dkt. No. 43), which he subsequently withdrew (Dkt. No. 52) after Lyft was forced to incur resources in filing a response noting its patent frivolity (Dkt. No. 49);

- A second Motion for Leave to File a First Amended Complaint (Dkt. No. 58) attaching yet another proposed Amended Complaint that is substantially similar to the proposed amended complaint that he withdrew less than a month earlier (*see* Hart Dec., Exh. G); and

- A supplemental response to Lyft's Motion to Compel Arbitration and Motion to Motion to Transfer (despite the Court vacating its prior order requesting such supplemental briefing, *see* Dkt. No. 54) in which he claims, without any evidence, that "at least two deputy trial counsels of the State Bar of California have found the motion to transfer venue to [*sic*] lacking in any merit" (Dkt. No. 60).

*See also generally Lyft II* Docket [RJN 25].

Oliver has also targeted Lyft's counsel for abuse and has misrepresented that he himself is an attorney in this action:

- After refusing to meet and confer with Lyft's counsel regarding Lyft's Administrative Motion for an Extension of Time to Answer the Complaint, Oliver copied officials from the State Bar of Georgia (as well as "John Anderson") on an email to Lyft's lead counsel stating that he would be filing a motion for sanctions against him "for a reckless disregard for the rules of the Northern District of California." Hart Dec., Exh. A [Dec. 21, 2018 email].

- In his Opposition to Lyft's Motion to Transfer, Oliver accuses Lyft's counsel of misleading the Court and threatens to file a Rule 11 motion for sanctions against Lyft's counsel for filing the motion. Dkt. No. 29 at 14.

- Oliver copied attorneys from the State Bar of California on an email to Lyft's local counsel, stating that he would be filing a complaint against her, and attaching a "Rule 11 Meet and Confer Letter" threatening sanctions. Declaration of Kerry Friedrichs ("Friedrichs Dec."), Exh. A [Jan. 14, 2019 email].

- Oliver's "Rule 11 Meet and Confer Letter" was typed on letterhead apparently intending to suggest that he is an attorney with the firm of "Oliver Rozzi." *Id.*

- Oliver asserts that he mailed a copy of his "Motion for Sanctions" to the State Bar of California. Friedrichs Dec., Exh. C [Jan. 17, 2019 email].

10

- In his declaration opposing Lyft's Motion to Transfer, Oliver falsely represented that he is an "attorney," albeit "unexperienced." *See* Dkt. No. 30 at ¶ 3.

- In his Opposition to Lyft's Motion to Transfer, Oliver repeated the same false allegation that he previously made in his opposition to Lyft's Administrative Motion for Extension of Time by alleging, without any evidence, that Lyft's lead counsel has "eleven (11) state bar complaints pending against him with the State Bar of Georgia." *See* Dkt. No. 29 at 15; Dkt. No. 20 at 3.

- Oliver's Opposition to Lyft's lead counsel's Motion for Admission *Pro Hac Vice* made numerous false and defamatory accusations that Lyft's counsel committed perjury, engaged in "perjury," "fraud," and "repeated ethical violations," and is the subject of "eleven (11) state bar complaints pending against him with the State Bar of Georgia." *See* Dkt. No. 39 at 2-6.

- In his Opposition to Lyft's Administrative Motion to Continue Hearing Date, Oliver threatened to file a motion to disqualify Lyft's counsel "for numerous violations of state bar attorney rules, displaying rude and disrespectful behavior [and] filing frivolous motions" in a fictitious lawsuit ("*Oliver v. SeyFarth Shaw, LLP*") that Oliver purports to have filed against Lyft's counsel. *See* Dkt. No. 46.

- Oliver emailed Lyft's local counsel and demanded that, unless she met and conferred with him the same day regarding the Case Management Statement (which is not due until February 28, 2019), he would file a motion for sanctions against her. *See* Friedrichs Dec., Exh. D [Jan. 18, 2019 email].

- In email correspondence to Lyft's lead counsel, Oliver threatened to file a motion to disqualify Lyft's lead counsel, claimed to have reported Lyft's lead counsel to the police and the state bar, and demanded that Lyft's lead counsel refrain from emailing him further. Hart Dec., Exh. B [Jan. 21, 2019 email].

- Oliver sent Lyft's female counsel a one-sentence email stating, "You are so ugly." Friedrichs Dec., Exh. B [Jan. 14, 2019 email].

- Most recently, Oliver filed a baseless Motion for Sanctions against Lyft and its counsel (which he claims to have sent to the California State Bar) demanding $10,000 as sanctions and (ironically, given Oliver's repeated misconduct) accusing Lyft's counsel of having "run amuck in this Court" and displaying "rude and disrespectful conduct" (Dkt. No. 59).[5]

Moreover, in an apparent attempt to persuade the Court not to transfer this action to the Southern District of Georgia, Oliver also falsely asserted multiple times that he had retained counsel before his counsel appeared in the case (only to withdraw eight days later).[6] For example, Oliver stated in his

---

[5] Notably, Oliver's Motion for Sanctions is very similar (and in some cases identical) to the draft sanctions motion that he attached to the "Rule 11 Letter" that he sent to Lyft's counsel from "John Anderson" after Lyft moved to enforce the Southern District of Georgia's contempt bond requirement. *See* Lyft I, Dkt. Nos. 54-1 [RJN 20], 54-2 [RJN 21].

[6] Oliver's counsel, Mr. Aimufua, filed a Notice of Appearance on February 4 and withdrew on February 12. *See Lyft II*, Dkt. Nos. 48 and 55. Unfortunately, this tactic of briefly engaging counsel in an

11

January 26, 2019 Opposition to Lyft's Motion to Continue Hearing Date that he "has retained California Attorney Jesse T. Hoffs. . . ." Dkt. No. 46 at 4 n. 2.  Lyft's lead counsel called Mr. Hoffs on January 31, 2019 to confirm that Oliver had retained him and that he should receive future communications about this case.  Hart Dec., Exh. D [Jan. 31, 2019 email].  However, Hoffs denied representing Oliver.  *Id.*  Shortly after this conversation, Oliver emailed Lyft's lead counsel, accused him of being *"a little sneaky bastard again,"* and threatened to seek "sanctions and state Bar action."  *Id.*, Exh. E [Jan. 31, 2019 email] (emphasis added).   Oliver claimed that Hoffs "would not be speaking with [Lyft's counsel] about anything until the judge rules on venue."  *Id.*  Hoffs confirmed once more on February 1, 2019 that he does not represent Oliver  *Id.*, Exh. F [Feb. 1, 2019 email].

Oliver also recently filed a second Motion to Relate the instant action to *Cotter v. Lyft, Inc.* ("*Cotter*") N.D. Cal. No. 3:13-cv-04065-VC.  *See Cotter*, ECF No. 362 (filed in this case at Dkt. No. 50, Exh. B).  In that motion, Oliver asserts that he will seek leave to amend to add 68 current and former Lyft drivers to this case.  *Id.* at 1.  He also states that he is "a current law school student in another state, and is also running for Mayor of the eleventh biggest City in the United States, the City of Savannah, Georgia."[7]  *Id.* at 2 n. 2.  This contradicts his statement to Lyft's local counsel in an email stating that he is "packing up to prepare to move back to California."  Friedrichs Dec., Exh. D [Jan. 18, 2019 email].

### 4. *Oliver v. Lyft, Inc.* (N.D. Cal. Case No. 3:19-cv-00270-WHA) (filed January 14, 2019)

On January 14, 2019, the same day that Lyft filed its Motion to Transfer the instant action to the Southern District of Georgia, Oliver filed another action against Lyft in this Court.  *See Oliver v. Lyft, Inc.* ("*Lyft III*") N.D. Cal. No. 3:19-cv-00270-WHA, Complaint (Dkt. No. 1) [RJN 27].  Oliver's most recent Complaint contains every single cause of action and nearly identical allegations from the first

---

apparent attempt to delay rulings on pending motions is also a pattern with Oliver.  In *Lyft I*, Mr. Aimufua entered a notice of appearance for Oliver, but less than two weeks later Oliver filed an "Emergency Motion to Relieve Plaintiff's Attorney of Record" because he "would not consent to a notice to withdraw voluntarily."  *See Lyft I*, Dkt. No. 22 [RJN 5] at ¶ 5.  The court granted Oliver's Motion so that he could proceed *in pro. per.  Id.*, Dkt. No. 29 [RJN 7].

[7] Oliver discussed his mayoral candidacy in a televised local news feature on or about January 25, 2019. *See* http://www.wtoc.com/2019/01/25/anthony-oliver-enters-race-savannah-mayor/.

Complaint he filed against Lyft in September 2018, then voluntarily dismissed in the face of Lyft's effort to enforce the vexatious litigant order pending against him in his home district. *Compare*, *e.g.*, *Lyft III*, Dkt. No. 1 [RJN 27] at ¶¶ 69-78 and *Lyft I*, Dkt. No. 1 [RJN 2] at ¶¶ 51-61 (alleging violations of federal antitrust law); RJN 27 at ¶¶ 85-92 and RJN 2 at ¶¶ 62-69 (alleging violations of federal false advertising law); RJN 27 at ¶¶ 115-121 and RJN 2 at ¶¶ 70-76 (alleging violations of O.C.G.A. § 10-1-370 et seq.); RJN 27 at ¶¶ 122-131 and RJN 2 at ¶¶ 77-87 (alleging violations of California Business and Professions Code §§ 17200 et seq.); RJN 27 at ¶¶ 132-137 and RJN 2 at ¶¶ 88-93 (alleging "violation" of unjust enrichment); RJN 27 at ¶¶ 138-144 and RJN 2 at ¶¶ 94-99 (alleging negligent misrepresentation); RJN 27 at ¶¶ 145-148 and RJN 2 at ¶¶ 100-103 (alleging "violation" of Code of Civil Procedure §§ 2223 and 2224). The recent Complaint also alleges additional violations of the Sherman Antitrust Act (*Lyft III*, Dkt. No. 1 [RJN 27] at ¶¶ 79-84), violations of RICO (*id.* at ¶¶ 93-105), and conspiracy to violate RICO (*id.* at ¶¶ 106-114). This Complaint is nearly identical to the proposed First Amended Complaint Oliver sought leave to file in his first Lyft action, which he later withdrew. *See Lyft I*, Proposed First Amended Complaint (Dkt No. 32-1) [RJN 10].

Oliver has not served the Complaint. Hart Dec. ¶ 5. An Initial Case Management Conference is nevertheless scheduled to be held on April 19, 2018. *Lyft III*, Dkt. No. Dkt. 7 [RJN 29]; *see also generally Lyft III* Docket [RJN 26].

**C.    Plaintiff Files Over 75 State and Federal Lawsuits With No Verdicts in His Favor.**

Oliver has filed over 75 state and federal lawsuits since 2005, none of which appear to have been resolved on the merits in his favor. *See Hart Dec., Exh. C* [Compilation of Plaintiff's Cases]. In her vexatious litigant order against Oliver dated September 26, 2018, the Chief Judge of the Central District observed that "[i]n addition to his numerous actions in state court, Plaintiff has filed at least thirty lawsuits in federal court." *Luner*, Dkt. No. 99 [RJN 42] at 4. "While two of Plaintiff's federal lawsuits resulted in undisclosed settlements [listing cases]…sixteen were dismissed by courts on various grounds including lack of standing, failure to state a claim, failure to comply with the court's orders, failure to pay filing fees, failure to file an amended *in forma pauperis* application, failure to serve process, or

13

because the court found the action to be frivolous or malicious [listing cases]." *Id.* at 4-5.  Oliver has also dismissed thirteen cases voluntarily or by joint stipulation.  *Id.* at 5-6 (listing cases).

**D.     Plaintiff is Admonished By Federal Courts For Abusive Litigation Conduct and Misrepresenting That He is a Lawyer**

Even before the above federal vexatious litigant orders were entered against Oliver, several federal courts had strongly admonished Oliver for his vexatious and misleading litigation conduct:

- On December 14, 2015, the Central District of California denied a request for an order imposing a bond of $30,000 but stated, "**Plaintiff is definitely treading a dangerous path should he continue filing similar lawsuits.**"  *Oliver v. CMRE Financial Services, Inc.*, C.D. Cal. No. 2:15-cv-08174-RGK-RAO, Order (Dkt. No. 28) [RJN 44] at 9 (emphasis added).  Even though the court declined to impose a pre-filing order or declare Oliver a vexatious litigant, it found Oliver's complaint to be "frivolous" and dismissed it without prejudice. *Id.*

- On February 22, 2016, the Central District of California denied a motion to declare Oliver a vexatious litigant given "[t]his [was] one of the first instances where a federal court in the Central District of California has had occasion to caution Plaintiff concerning his **abusive litigation practices**," but warned Oliver that future frivolous filings could result in a pre-filing order (which as noted above, was subsequently issued against Oliver).  *Oliver v. County of Los Angeles,* C.D. Cal. No. 2:15-cv-07791-SJO-KK, Order (Dkt. No. 110) [RJN 45] at 12-13 (emphasis added).

- In its June 15, 2016 "Order of Dismissal; and Admonition to Plaintiff," the Southern District of California noted that "**[Oliver] was holding himself out to be a lawyer**.  This was significant because he brought this as a class action and was **attempting to represent the class members.**  The Court ordered him to identify the jurisdictions where he was licensed to practice law.  [Oliver] filed a response, **conceding that he is not a licensed attorney.**"  *Oliver v. Scram of California, Inc.* ("*Scram*"), S.D. Cal. No. 3:16-cv-01193-LAB-KSC, Order (Dkt. No. 22) [RJN 46] at 1-2 (emphasis added).

  The Court then warned Oliver that "he **must not use the word 'attorney' or 'lawyer' when describing himself**, and **must not refer to Anthony Oliver & Associates as 'attorneys' or a law firm.**  He must not include Anthony Oliver & Associates in the caption or signature block of pleadings, because doing so implies that it is a law firm… He also must not suggest he has a state bar number, or that one is forthcoming (e.g., by using the designation 'TBD')." *Id.* at 2 (emphasis added).  The Court noted that Oliver had used "TBD" as his state bar number on complaints in three other cases in the Southern District of California. *Id.* at 2, n. 1.

54409723v.10

1

### E.   Plaintiff Voluntarily Dismisses Cases to Avoid Vexatious Litigant Findings

2

Oliver has avoided additional vexatious litigant findings by dismissing his lawsuits in lieu of

3

opposing pending vexatious litigant motions against him:

4

- On May 12, 2016, defendants filed a Motion for Pre-Filing Order Against
  Plaintiff. *See Oliver v. County of Los Angeles*, C.D. Cal. No. 2:15-cv-09731-GW-
  JPR, Dkt. No. 30 [RJN 47].  Oliver was granted an extension until June 30, 2016
  to file his opposition. *Id.*, Dkt. No. 40 [RJN 48].  Oliver instead filed a voluntary
  dismissal on June 27, 2016. *Id.*, Dkt. No. 42 [RJN 49].

5

6

7

8

- On August 1, 2016, defendants filed a Motion to Declare Plaintiff a Vexatious
  Litigant. *Oliver v. City of Oceanside,* S.D. Cal No. 3:16-cv-00565-BAS-JLB,
  Dkt. No. 42-1 [RJN 50].  Oliver requested and was granted an extension to file his
  opposition by October 3, 2016. *Id.*, Dkt. No. 52 [RJN 51].  Instead of filing an
  opposition, Oliver filed a Motion to Dismiss, which was granted. *Id.*, Dkt. No. 61
  [RJN 52].

9

10

11

12

## III.   ARGUMENT

13

### A.   This Court Has the Authority to Issue a Pre-Filing Order Against Plaintiff as a Vexatious Litigant.

14

15

District courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to impose pre-filing

16

orders against vexatious litigants with abusive and lengthy histories of litigation. *See* 28 U.S.C. §

17

1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Such pre-filing

18

orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain

19

requirements, such as obtaining leave of the court or filing declarations that support the merits of the

20

case. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).  Although pre-filing orders

21

are an extreme remedy, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables

22

one person to preempt the use of judicial time that properly could be used to consider the meritorious

23

claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

24

### B.   Plaintiff Satisfies the Standard for Vexatious Litigants.

25

The Ninth Circuit has established four factors for district courts to examine before entering pre-

26

filing orders against vexatious litigants, all of which are met here. *See Molski*, 500 F.3d at 1057 (citing

27

*De Long*, 912 F.2d at 1147).  First, the litigant must be given notice and a chance to be heard before the

28

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

order is entered. *De Long*, 912 F.2d at 1147. Second, the court must compile "an adequate record for review." *Id.* at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* The first two *De Long* factors are procedural, while the "latter two factors…are substantive considerations…[that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

### 1. Plaintiff Has Been Given Adequate Notice and an Opportunity to Be Heard

The first *De Long* factor is whether Oliver has been given notice and an opportunity to be heard before the Court enters the pre-filing order. *De Long*, 912 F.2d at 1147. "This is a core requirement of due process." *Molski*, 500 F.3d at 1058. Here, Lyft has properly noticed the instant Motion, and Oliver has the opportunity to submit an opposition. *See also Molski*, 500 F.3d at 1058-59 (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that an opportunity to brief the issue fully satisfies due process requirements)).

### 2. The Court Has an Ample Record on Which to Base a Vexatious Litigant Finding.

The second factor of the *De Long* standard is whether the district court has created an adequate record for review. *De Long*, 912 F.2d at 1148. An adequate record includes "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* at 1147. To be sufficient for entry of a pre-filing order, the record needs to show that the litigant's conduct was numerous or abusive in some manner. *Id.* Here, the Court has an abundant record on which to base a vexatious litigant finding against Oliver, including the dockets in Oliver's current actions against Lyft; the declarations, exhibits, and other materials accompanying this Motion; a chart of Oliver's publicly available litigation history since 2005 (over 75 cases); Chief Judge Phillips' recent compilation of Oliver's litigation history in her vexatious litigant order in the Central District of California; and the three separate vexatious litigant orders from the Southern District of Georgia and California Superior Court. *See* Hart Dec., Exh. C; RJN 1, 23, 25, 26, 31, 37, 42.

1

2

### 3.    The Record is Replete with Evidence of Plaintiff's Substantively Frivolous and Harassing Litigation Conduct.

The third *De Long* factor requires "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "To make such a finding, the district court must look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* "An alternative to the finding of frivolousness is the finding that [Plaintiff's] claims show a pattern of harassment." *Id.* In analyzing this third prerequisite, the Ninth Circuit has endorsed a five-factor test originally announced by the Second Circuit. *Molski*, 500 F.3d at 1058. The five-factor test considers the following:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).) These five factors are satisfied by Plaintiff's conduct here.

### a.    Plaintiff Has of History of Vexatious, Harassing, and Duplicative Litigation

Oliver has filed over ***seventy-five*** actions in state and federal courts since 2005, ***none*** of which have resulted in a judgment on the merits in his favor. *See* Hart Dec., Exh. C; *Luner*, Dkt. No. 99 [RJN 42] at 7; *De Long*, 912 F.2d at 1147 (citing cases involving 35 and "over 50" actions as warranting sanctions). Courts have entered pre-filing orders based on far fewer cases filed by vexatious litigants. *See, e.g.*, *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, 14-CV-05142-LHK, 2015 WL 1063070, at *9 (N.D. Cal. Mar. 10, 2015) (finding eleven actions sufficient to support vexatious litigant order); *Boustred v. Gov't and County of Santa Cruz*, No. C-08-00546-RMW, 2008 WL 4287570 at *2 (N.D. Cal. Sept. 17, 2008) (finding three actions sufficient to support vexatious litigant order). Oliver's record of federal case filings as of September 26, 2018 (i.e., even before his lawsuits filed over the past five months) was sufficient for the Central District of California's recent vexatious litigant finding against him. *See Luner*, Dkt. No. 99 [RJN 42] at 4-8.

17

The contents of Oliver's filings and communications in this and other cases also show a pattern of intimidation and harassment. *See De Long*, 912 F.2d at 1148. Oliver frequently threatens to report and does report defense counsel to state bars and law enforcement, refuses to communicate with defense counsel, and makes false representations regarding defense counsel in court submissions. *See*, *e.g.*, *supra* at 10-11; *Luner*, Dkt. No. 97 [RJN 41] at 3-8 (listing frivolous and harassing filings and statements by Plaintiff); *see also Patterson v. Goncalves*, 14-cv-01311-CRB, 14-cv-01313-CRB, 2014 WL 4683222, at *4 (N.D. Cal. Sept. 19, 2014) (vexatious litigant left "three harassing and offensive telephone messages for [defense counsel] with the threat of additional lawsuits"); *Sepehry-Fard*, 2015 WL 1063070 at *10 (email communications from vexatious litigant to defense counsel illustrated his "erratic, hostile behavior"); *Bruzzone v. Intel Corp.*, 14-01279-WHA, 2014 WL 4090470, * 4-5 (N.D. Cal. Aug. 19, 2014) (vexatious litigant sent emails accusing defense counsel of engaging in a "cartel crime ring" and committing antitrust and criminal RICO violations to defendant's in-house counsel and individuals with "usdoj.gov," "ftc.goc," and "ec.europa.eu" email addresses).

### b. Plaintiff Does Not Have an Objective Good Faith Expectation of Prevailing on His Lawsuits.

Oliver's litigation history and his conduct in the instant action demonstrate that Oliver does not have "an objective good faith expectation of prevailing." *Molski*, 500 F.3d at 1058. Oliver has not prevailed on the merits in any of his lawsuits, and he has a pattern of voluntarily dismissing his lawsuits, including his first suit filed against Lyft (after Lyft devoted substantial resources to defending), which he has since re-filed. *See* Hart Dec., Exh. C; *Reddy v. MedQuist, Inc.*, No. CV-12-01324-PSG, 2012 WL 6020010, at *7 (N.D. Cal. Dec. 3, 2012) ("With her history of having multiple lawsuits dismissed, [plaintiff] could not in good faith have expected a different outcome this time around."); *Martin v. Redwood City Dental Care*, No. 15-cv-03151-JST, 2015 WL 9489898, at *5 ("Because her complaints are regularly dismissed, [plaintiff] cannot have had an objectively reasonable, good-faith expectation that she was likely to prevail in her subsequent suits.").

Nor will Oliver "prevail" in court on any of his actions against Lyft. Oliver has admitted that his claims are subject to arbitration and moved himself to compel arbitration of his first lawsuit against Lyft.

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

*Lyft I*, Dkt. No. 28 [RJN 6].  Oliver's subsequent filing of two similar actions against Lyft in this Court, and his current opposition to Lyft's Motion to Compel Arbitration, therefore, exhibit bad faith.

Oliver's Non-Opposition to Lyft's pending Motion to Dismiss his first and third causes of action demonstrates those claims were not brought in good faith.  *See* Dkt. No. 37.  A basic internet search would reveal that Lyft is not a publicly traded company and therefore is not subject to SOX or the Dodd-Frank Act.  Oliver's reckless and bad-faith inclusion of those patently frivolous claims in the Complaint forced Lyft to incur the costs of filing a Motion to Dismiss.

Courts have also inferred an improper motive where "plaintiffs 'repeatedly asser[t] the same claims in slightly altered guise.'"  *Reddy*, 2012 WL 6020010 at *7.  Here, Oliver has filed three lawsuits against Lyft in this District (in addition to three other proposed amended complaints) asserting similar causes of action and factual allegations.  His third Complaint is identical to his first, voluntarily dismissed Complaint, except that it contains additional unfounded antitrust and RICO claims.

Further, Oliver does not have a good-faith expectation of prevailing on the purported class claims he repeatedly threatens to file.  *See Lyft I*, Dkt. No. 40 [RJN 14] at 3 (stating he will "withdraw his proposed first amended complaint…to add over 200 current Lyft drivers throughout the country); Dkt No. 31 ("Plaintiff will be adding other Plaintiffs from several states of [*sic*] California, Illinois, Georgia, North Carolina, and South Carolina"); Friedrichs Dec., Exh. D ("I am seeking leave to amend to add several other past, and present Lyft drivers as Plaintiffs in this case.")  As the Southern District of California previously informed him, Oliver does not have standing to bring class claims as a non-attorney litigant *in pro se*.  *See Scram*, Dkt. No. 22 [RJN 46] at 1-2; *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney litigants may not represent others).  Oliver has shown a flagrant disregard for prior admonishments not to hold himself out to be a lawyer, even as he has done exactly that before this Court.  *See Scram*, Dkt. No. 22 [RJN 46] at 1-2; *see also* Dkt. No. 30 at ¶ 3 (representing that he is an "unexperienced attorney").  Furthermore, none of Plaintiff's assertions that he will retain a lawyer in this action have come to fruition.  *See supra* at 11-12.

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

1
2

> **c.      Plaintiff's *Pro Se* Status is Not Entitled to Special Consideration Given His Repeated Misconduct**

3
4

Although courts are generally protective of the right of *pro se* litigants to enter the court, courts

5 are entitled to enjoin, and do enjoin, *pro se* litigants like Oliver with "abusive and lengthy" litigation

6 histories.  *See De Long*, 912 F.2d at 1147.  Therefore, this factor does not weigh strongly against

7 declaring Oliver vexatious.  *See, e.g.*, *Maxwell v. MOAB Investment Group, LLC*, No. 14-cv-03095-

8 WHO, 2014 WL 4757429, at *7 (N.D. Cal. Sept. 24, 2014) ("[P]ro se litigants are not immune from a

9 vexatious litigation finding"); *Sepehry-Fard*, 2015 WL 1063070 at *11 ("Notwithstanding Plaintiff's

10 status as a pro se litigant, the record amply shows that his litigation has been frivolous and harassing");

11 *Boustred*, 2008 WL 4287570 at *2 (entering pre-filing order against *pro se* litigant).  The three existing

pre-filing orders against Oliver were entered against him *in pro se*.

12

> **d.      Plaintiff Has Caused Needless Expense to Other Parties and Has Burdened the Courts**

13
14

Given the dozens of federal cases that the Courts have dismissed and that Oliver has voluntarily

15 dismissed, there can be no doubt that Oliver has placed an inordinate and unnecessary financial burden

16 on other parties and the court system.  *See* Hart Dec., Exh. C; *Luner*, Dkt. No. 99 [RJN 42] at 4-7 (listing

17 cases).  As one Judge in this District described a similarly vexatious litigant:

18
19
20
21

> The record reflects that [plaintiff] regularly files non-meritorious, occasionally incoherent complaints…  Court personnel must spend significant time and taxpayer resources attempting to understand [plaintiff's] filings, resources that could otherwise be spent resolving the disputes of the many litigants who adhere to court rules and requirements. And each time [plaintiff] files an action, defendants must expend significant time and expense defending themselves against her frivolous conspiracy-theory-type claims.

22 *Martin,* 2015 WL 9489898 at *6; *see also Heredia v. TTM Techs. Inc.*, No. 18-cv-01237-EJD, 2018 WL

23 3566869, at *5-6 (N.D. Cal. July 25, 2018) (vexatious litigant who did not prevail on any of her 21 cases

24 filed in state and federal court imposed substantial costs upon the courts and defendants); *Boustred*,

25 2008 WL 4287570 at *2 (vexatious litigant who brought "three actions containing similar rambling,

26 largely incomprehensible claims against a multitude of defendants" caused parties unnecessary

27 expense); *Patterson*, 2014 WL 4683222 at *4 ("Given the lack of diligence in litigating the cases, these

28

54409723v.10

1    serial suits also cause needless expense to other parties and impose an unnecessary burden on the courts.

2    This is a flagrant abuse of the judicial process[.]").

3        Oliver has wasted judicial resources and forced Lyft to incur needless expense in his cases before

4    this Court.  In all of his cases against Lyft, Oliver asserts unintelligible and patently frivolous causes of

5    action (*e.g.*, violations of non-existent provisions of the California Code of Civil Procedure).  *See supra*

6    at 6-7, 8-9 12-13.  In his first lawsuit against Lyft, Oliver filed multiple unnecessary motions that

7    required Lyft's response and the Court's review, before voluntarily dismissing the case.  *See id.* at 6-7.

8    Oliver next filed the instant action containing similar allegations, but has contradicted his previous

9    positions with regard to the arbitrability of his claims and the appropriateness of venue in the Southern

10   District of Georgia, requiring the parties to engage in expensive and time-consuming motion practice.

11   *See id.* at 8-11.  Oliver then filed a third action against Lyft in this Court, which he has not served,

12   asserting identical causes of action and allegations from his first complaint, which will necessitate a

13   duplicative effort by Lyft to respond and defend itself.  *See id.* at 12-13.  All of these actions adversely

14   impact the Court, which must process and respond to Oliver's filings, assign judges, and set case

15   management conferences and hearings.  *See Sepehry-Fard*, 2015 WL 1063070 at *11.  Already, this

16   Court and other courts in this District has been compelled to deny multiple meritless administrative and

17   other motions and requests filed by Oliver in his various actions against Lyft.  *See supra* at 7, 10-11.

18              **e.      Other Sanctions Would Not Be Adequate to Curb Plaintiff's Abuse of**
                **          the Judicial Process.**
19

20       District courts have acknowledged that other sanctions, such as monetary sanctions or dismissals,

21   may be unlikely to deter vexatious *pro se* litigants like Oliver.  *See*, *e.g.*, *Patterson*, 2014 WL 4683222

22   at *4 ("[I]t is unlikely that other sanctions would be adequate to protect Defendants or the courts

23   because seeking to obtain and collect monetary sanctions from the unrepresented pro se Plaintiffs would

24   likely increase the proceedings in court and the financial burden on Defendants."); *Reddy*, 2012 WL

25   6020010 at *8 (judgment on the merits would be ineffective, given plaintiff would "likely…continue her

26   practice of filing multiple lawsuits against one entity in as many jurisdictions as possible").

27

28

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

1   Here, Oliver has applied for *in forma pauperis* status in multiple jurisdictions, including twice in

2   this District.  *See* Dkt. Nos. 3, 12 (denying Plaintiff's application); *Lyft III*, Dkt. No. 2 [RJN 28]; Hart

3   Dec., Exh. C; *Bruzzone*, 2014 WL 4090470 at *8 (noting it would be challenging to collect monetary

4   sanctions against litigant who filed *in forma pauperis* application).  Lyft reserves the right to seek

5   monetary sanctions from Oliver at an appropriate time, and such sanctions are warranted in the instant

6   case given that Plaintiff has "unreasonably and vexatiously" multiplied proceedings within the meaning

7   of 28 U.S.C. § 1927.  *See Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1989) (sanctions under 28

8   U.S.C. § 1927 may be imposed upon a *pro se* plaintiff); *see also Bruzzone*, 2014 WL 4090470 at *8

9   (noting availability of sanctions under Rule 11 of the Federal Rules of Civil Procedure).  However, at

10   this juncture, Lyft is cognizant of the Court's time and resources and seeks only the most important

11   remedy to address Oliver's ongoing litigation abuses against Lyft.

12   A nationwide federal pre-filing order represents the most appropriate remedy at this juncture to

13   cure Oliver's ongoing vexatious and harassing litigation.  Such an order is necessary because Oliver has

14   remained undeterred despite the pre-filing orders entered against him in the Southern District of Georgia

15   and Central District of California.  Since the Southern District of Georgia entered its pre-filing Order

16   against Oliver on May 31, 2018, he has proceeded to file at least twelve (12) lawsuits in state court and

17   federal courts (Northern District of Illinois, Northern District of Georgia, Northern District of California,

18   District of Wyoming), including his four (4) actions against Lyft.  Hart Dec., Exh. C.  Moreover, six (6)

19   of the 12 lawsuits were filed by Plaintiff following entry of the Central District of California's pre-filing

20   order against him on September 26, 2018.  *Id.*  Should the requested pre-filing order be limited to the

21   Northern District of California, Oliver would simply move on to the next available district court.  *See*

22   *Reddy*, 2012 WL 6020010 at *8 ("Considering her lack of respect for the judicial system, [plaintiff] is

23   likely to continue her practice of filing multiple lawsuits against one entity in as many jurisdictions as

24   possible"); *Cowan v. William Morris Agency, LLC*, Case No. EDCV 08-917-VAP, 2009 WL 10669085,

25   at *12 (C.D. Cal. Dec. 17, 2009) (issuing pre-suit injunction under All Writs Act against vexatious

26   litigant that was applicable to pleadings filed in new actions in any U.S. district court relating to

27

28

22

54409723v.10

1  plaintiff's employment with defendant, noting that a "pre-filing order issued by one district court is

2  enforceable in, and indeed must be enforced by, all other district courts" (internal citations omitted).

3      **4.**     **Defendant's Proposed Pre-Filing Order is Narrowly Tailored.**

       The final *De Long* factor overlaps with the fourth *Safir* factor discussed above. *Martin*, 2015

4

5  WL 9489898 at *6.  Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful

6  behavior." *Molski*, 500 F.3d at 1061.  The Ninth Circuit has held that an order requiring a party's claims

7  to be subjected to a screening by a district judge does not bar access to the courts, and can provide "a

8  valuable layer of protection." *Id.* Although Lyft's requested pre-filing order would apply to all actions

9  Oliver seeks to file in the United States district courts against Lyft, it is narrowly tailored because it only

10 seeks to require screening of Oliver's proposed actions (a) *in pro se*; (b) against Lyft, its current or

11 former officers, directors, or employees; (c) against any of Lyft's attorneys or law firms that formerly or

12 presently represent Lyft in any action against Oliver; and (d) that (i) arise from or relate to Oliver's use

13 of the Lyft platform, or (ii) arise from or relate to any lawsuit concerning Oliver's use of the Lyft

14 platform, or (iii) seek to relitigate the issues Oliver has previously raised in such lawsuit.  These

15 requirements are consistent with the existing pre-filing orders against Oliver and other pre-filings orders

16 originating from this District.  *See*, *e.g.*, *Reddy*, 2012 WL 6020010 at *8-9; *Patterson*, 2014 WL

17 4683222 at *5; *Bruzzone*, 2014 WL 4090470 at *8.

18                            **<u>CONCLUSION</u>**

19        Through his repeated harassing and vexatious litigation against Lyft in four separate lawsuits

20 over the past five months, Oliver has once again demonstrated his pattern of making, as another federal

21 court in this State already has found, "bombastic allegations of misconduct based upon minimal (at best)

22 factual support," his "propensity to file flurries of motions, notices, and variously captioned documents

23 with the Court," and "his inclination to make serious allegations of misconduct against opposing

24 counsel" without factual support.  *Cty. of Chatham,* 2018 WL 1573560, at *1.  Despite having been

25 repeatedly warned about his practices on multiple occasions by courts throughout the country, including

26 both federal and state courts in California, Oliver continues his abusive behavior, clogging this and other

27 courts' dockets, causing Lyft (and scores, if not hundreds, of other defendants) to expend unnecessary

28

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10

attorneys' fees, and making a mockery of the judicial system.  Accordingly, for the foregoing reasons, Lyft respectfully requests that the Court declare Oliver to be a vexatious litigant, and that the Court impose a nationwide pre-filing order on Oliver as outlined above.

DATED:  February 19, 2019                      Respectfully submitted,

                                               SEYFARTH SHAW LLP


                                               By:  */s/ Daniel P. Hart*
                                                    Daniel P. Hart
                                                    Attorney for Defendant
                                                    LYFT, INC.

DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT /
3:18-CV-07166-RS

54409723v.10