# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV419-063 |
| LYFT, INC., | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Anthony Oliver filed this case against Lyft, Inc. in the Northern District of California. *See* doc. 1 (Complaint). Upon Lyft's motion, it was transferred to this Court. *See* doc. 93 (Transfer Order). As that Order points out, it appears to be a reiteration of a previous dispute between these very parties. *See id.* at 1; *see generally Oliver v. Lyft, Inc.*, CV418-270 (S.D. Ga. 2018). That case was voluntarily dismissed. *See* CV418-270, doc. 57. When it was dismissed, Lyft had a motion to dismiss and compel arbitration pending. *See* CV418-270, doc. 39. A similar motion was filed before this case was transferred. *See* doc. 33. Other motions, filed before the transfer, are also pending. *See* doc. 25 (Oliver's Motion to Amend his Complaint); doc. 32 (Lyft's partial Motion to Dismiss); doc. 43

(Oliver's Motion to Strike and for More Definite Statement); doc. 58 (Oliver's second Motion to Amend his Complaint); doc. 59 (Oliver's Motion for Sanctions); doc. 63 (Lyft's Motion to Declare Oliver a vexatious litigant); doc. 67 (Oliver's Motion to Strike); doc. 71 (Oliver's "Administrative Motion to File Document and Subpoenas Under Seal"); doc. 73 (Oliver's Motion to Disqualify defense counsel).

Oliver's filings in California fit a familiar pattern. *See Oliver v. City of Pooler*, CV418-100, doc. 53 (S.D. Ga. Jan. 29, 2019), *adopted*, doc. 59 (S.D. Ga. Feb. 28, 2019); *see also Oliver v. County of Chatham*, CV417-101, doc. 166 (S.D. Ga. Mar. 8, 2018), *adopted* doc. 188 (S.D. Ga. Mar. 27, 2018). The Court is all too familiar with Oliver and his recalcitrant litigation conduct. The Court is, therefore, inclined to recommend that the filing restrictions imposed by District Judge Moore in his other cases should be imposed here. Before it makes such a recommendation, however, it would like to hear whether their imposition might be moot, if this case is subject to dismissal or mandatory arbitration.

Accordingly, within 14 days, Lyft is **DIRECTED** to file a response to this Order and inform the Court of the status of its motions to dismiss and compel arbitration, since the transfer, and whether those motions

should precede consideration of appropriate filing restrictions. During this same period, Oliver may respond and **SHOW CAUSE** why the filing restrictions imposed in *Oliver v. County of Chatham, et al.*, CV417-101, and *Oliver v. City of Pooler, et al.*, CV418-100, should not be imposed in this case.[1] Those conditions are:

(1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;

(2) Plaintiff must file into this case, and attach to any Complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions; and

(3) Plaintiff must also attach to his complaint both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing the case.

All deadlines in this case, other than those specifically imposed above, are hereby **STAYED** pending the parties' respective responses and, if appropriate, Oliver's compliance with the above conditions.

---

[1] If Oliver wishes to withdraw any of the motions he filed in the Northern District of California, he should notify the Court within 14 days. The Court will refrain from considering any such withdrawn motion in determining whether to recommend imposing the filing conditions discussed below in this case.

3

**SO ORDERED**, this 12th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA