# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| ANTHONY OLIVER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV419-063 |
| LYFT, INC., | ) | |
| Defendant. | ) | |

## ORDER

Shortly before the Court issued its previous Order (doc. 98), defendant Lyft, Inc. filed a Notice which addressed some of the Court's concerns. *See* doc. 96. Lyft's filing, however, does not address the status of its Motion to Compel Arbitration, and, more specifically, whether consideration of that motion should precede the Court's determination of the appropriateness of filing conditions on Oliver. *See* doc. 33 (Motion to Compel Arbitration); *see also* doc. 97 (supplementing Lyft's previously filed motion to impose conditions on Oliver's continued litigation, and requesting that this Court "impose a nationwide pre-filing order").

In the interest of clarity, therefore, the Court **VACATES** its prior Order (doc. 98) and replaces its directions as follows:

(1) Within 14 days of this Order, Lyft is **DIRECTED** to file a response concerning whether the Court must resolve its arbitration motion before it considers whether to impose conditions on Oliver's ongoing litigation;

(2) Within 14 days of this Order, Oliver is **DIRECTED** to respond to Lyft's pending Motion to Declare Plaintiff a Vexatious Litigant, and to **SHOW CAUSE** why the conditions imposed on his litigation in this Court, in *Oliver v. County of Chatham, et al.*, CV417-101, and *Oliver v. City of Pooler, et al.*, CV418-100, should not apply to this case. He is further **DIRECTED** to file a single document discussing both issues[1]; and

(3) All deadlines in this case, other than those specifically imposed above, remain **STAYED** pending the parties' respective responses and, if appropriate, Oliver's compliance with any conditions imposed.

**SO ORDERED**, this 12th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Oliver remains free to withdraw any of his previously filed motions. To the extent, however, that they are relevant to the arguments raised in Lyft's supplemental brief (doc. 97), the Court will consider them.