# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTHONY OLIVER,                          )
                                         )
      Plaintiff,                    )
                                         )
v.                                       )          CV419-063
                                         )
LYFT, INC. *et al.*,                     )
                                         )
      Defendants.                   )

_____

ANTHONY A. OLIVER,                       )
                                         )
      Plaintiff,                    )
                                         )
v.                                       )          CV419-125
                                         )
LYFT, INC.,                              )
                                         )
      Defendant.                    )

## ORDER AND REPORT AND RECOMMENDATION[1]

*Pro se* plaintiff Anthony Oliver is familiar—all too familiar—to the

federal courts.[2] Earlier this year, the Court extended the filing conditions

---

[1] The Clerk is **DIRECTED** to docket this Report and Recommendation in both cases. Since the majority of the analysis below applies equally, and the undersigned recommends imposing the restrictions in both cases, it is presented once.  The disposition of other case-specific matters are detailed below.

[2] The first of Oliver's cases in this Court that was dismissed for failure to obey the Court's orders was *Oliver v. County of Chatham, et al.*, CV417-101, doc. 189 (S.D. Ga. March 30, 2018) (finding that Oliver's continued assertion of "bombastic allegations of

it imposed on Oliver, based on his apparently incorrigible litigation conduct. *See Oliver v. City of Pooler, et al.*, CV418-100, doc. 59 (S.D. Ga. Feb. 28, 2019). Oliver's appeal of that Order has been dismissed for want of prosecution. *See* CV418-100, doc. 69 (S.D. Ga. April 23, 2019) (Mandate of the United States Court of Appeals for the Eleventh Circuit dismissing the appeal). In this case, defendant Lyft, Inc. has moved for an order restricting plaintiff's further litigation nationwide. *See* doc. 63 at 31. While the Court should decline to enjoin Oliver's litigation to the

---

misconduct based upon minimal (at best) factual support."), *adopted* doc. 220 (S.D. Ga. April 31, 2018). In the Report and Recommendation cited below, CV418-100, doc. 53, the Court noted that Oliver appeared to have manipulated the Court's process for allowing litigants to proceed *in forma pauperis*, *id.* at 2-4, continued to make "inflammatory accusations, unaccompanied by factual support," *id.* at 5-6. That Report and Recommendation also noted the thorough survey of Oliver's nationwide litigation history undertaken by the United States District Court for the Central District of California in declaring him a vexatious litigant. *Id.* at 6-7. That extensive and pervasive history of misconduct is the lamentable context for the present Report and Recommendation. His filings in these cases present more of the same. *See, e.g.*, doc. 1 at 4 (stating that the defendant "has dominated the ride share market by cheating, stealing, and committing violations of state and federal law to gain a tactical advantage over their own drivers, and passengers.); doc. 29 at 3 (describing Lyft's motion to transfer as "rambl[ing] on, and pepper[ed] with [irrelevant] exhibits), 14 (alleging defense counsel, "pulls the same bootleg tactics" of repeated extensions); *see also* doc. 97 at 3-5 (identifying Oliver's objectionable conduct); *Oliver v. Lyft, Inc.*, CV419-125, doc. 49 at 2 (referring to defendant's "crummy ride-sharing service" in a complaint alleging he was sent unsolicited text messages). He also continues to ignore the Court's instructions. *See, e.g.*, doc. 99 at 2 (directing Oliver to show cause why the litigation conditions previously imposed should not be imposed in this case).

extent that Lyft seeks, it should impose restrictions on Oliver's filings with this Court.

Scholars have labeled injunctions (in non-collective actions) that purport to bind a litigant's conduct generally as both innovative and "odd." Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 Harvard L. Rev. 417, 418-420 (2017). *But see* Zayn Siddique, *Nationwide Injunctions*, 117 Colum. L. Rev. 2095, 2097 (2017) (concluding that "the reality is that nationwide injunctions are far from 'unprecedented'—they are a regular feature of the equitable jurisprudence of federal courts."). Academic questions notwithstanding, injunctive relief is discretionary. *See, e.g., Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008) ("An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course."). The Eleventh Circuit has stated that "[i]t is a bedrock principle" of equity that injunctive relief should only be imposed "when fundamental fairness and justice demand it." *See Coral Springs Street Sys., Inc. v. City of Sunrise*, 371 F. 3d 1320, 1340 (11th Cir. 2004). In this case, therefore, the Court should decline to restrict Oliver's litigation— even restricted to litigation against Lyft—nationwide.

It is, however, well-settled that the Court has the authority to protect itself against persistently frivolous litigation.  As has often been said before, frivolous filings, like Oliver's, do nothing but impair this Court's ability to adjudicate the legitimate claims of other litigants, and the Court has the power and obligation to protect itself.  *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  It's obvious that this Court's previous warnings have not deterred Oliver from continuing to waste judicial resources in this district.  These cases demonstrate Oliver's willingness to file cases elsewhere, avoid this Court's existing filing restrictions, and thereafter transferring them to this Court.

More comprehensive action is thus warranted here.  The following restrictions should apply:

1. In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court.  In this case, he should post the required bond within fourteen days of the District Judge's adoption of this recommendation, or as ordered by the District Judge.  This bond will be held by the Clerk and, if Plaintiff

has conducted the affairs in his case appropriately,[3] the bond will be returned to him at its conclusion;

2.  If Plaintiff fails to post a contempt bond, the Court will review the Complaint and determine whether it states a claim for relief that is plausible on its face, any such Complaint will be **DISMISSED** without any further judicial action 30 days from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing it. If no order is forthcoming, then 30 after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Oliver that his case has been dismissed without prejudice. The Clerk shall not issue a summons on any complaint filed without the required bond, without an order from the Court. If Oliver posts the required bond, the Clerk shall process the Complaint, including issuing the summons, according to normal procedures.

3.  The Clerk shall not docket any further motions or papers in this case. The Clerk also shall not docket any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal shall be returned to Oliver unfiled. If Oliver files a notice of appeal, the Clerk shall forward a copy of this Report and Recommendation, the final disposition of this case by the district judge, the notice of appeal, and the dismissed complaint to the Court of Appeals. Oliver shall remain responsible for appellate

---

[3]  Given his conduct in his litigation against Lyft, the Court advises Oliver that redundant litigation, *i.e.* filling multiple substantially identical claims against a single defendant, will be construed as misconduct and result in the forfeiture of any litigation bond he posts to file those claims.

filing fees or he may move this Court to grant IFP status on appeal.

4. To ensure that all future pleadings filed by Oliver are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Oliver are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

5. Oliver may file a motion to modify or rescind the imposition of these restrictions no earlier than 1 year from the date of this Report and Recommendation.

6. These filing restrictions do not apply to any criminal case in which Oliver is named as a defendant or to any proper application for a writ of habeas corpus.[4]

7. Plaintiff must attach to any Complaint he files a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

8. These requirements shall apply to any action transferred or removed to this Court, which Oliver files in another United States District Court or state court. Upon the docketing of the notice of removal or order transferring the case, the Clerk shall notify Oliver of his obligation by serving a copy of this Report and Recommendation and the District Judge's final Order upon him. If Oliver fails to post the required bond within fourteen days of service of the notice of removal or the transfer order, the Clerk

---

[4]   The Court has been successfully managing other malicious serial filers with this method.   *See, e.g., Williams v. Darden,* 2016 WL 6139926 (S.D. Ga. Oct. 21, 2016) *Fields v. Terminal*, 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman*, CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

shall follow the procedures outlined above for cases filed without a contempt bond.

Accordingly, Lyft's motion to impose pre-filing restrictions on Oliver should be **GRANTED, in part**.  Doc. 63.  As the imposition of these conditions may cause Oliver to reconsider the prudence of pursuing this action, all deadlines are **STAYED** pending the District Judge's consideration of this Report and Recommendation.  The Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** all pending motions in this case, pending that review.

To the extent that Oliver wishes to pursue this matter through arbitration, *see* doc. 106, he remains free to voluntarily dismiss it and refile it with the appropriate arbitral body.  Whether or not he concedes that this case should be voluntarily dismissed, his conduct before this Court warrants imposition of the restrictions detailed above.

Lyft has effectively incorporated its motion to declare Oliver a vexatious litigant in this case into a companion case, *Oliver v. Lyft, Inc.*, CV4:19-125.  *See* CV4:19-125, doc. 52 at 3-4.  For the reasons explained above, that motion should also be **GRANTED, in part**.  The Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** all motions pending in this case (CV4:19-125) pending review of the above

7

recommendations by the District Judge. Oliver has, however, apparently conceded that CV4:19-125 should also be dismissed and proceed in arbitration. *See* CV4:19-125, doc. 50; doc. 53. As above, if he wishes to pursue this dispute in arbitration, he is free to voluntarily dismiss it and refile it before the appropriate arbitral body. Given the additional conditions recommended above, if Oliver does wish to voluntarily dismiss, he must file a further notice. Also, as above, whether he voluntarily dismisses this case or not, the restrictions on his future litigation will be imposed.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 13th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA