# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-140 |
| | ) | |
| NEXSTAR BROADCASTING, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANTHONY OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-257 |
| | ) | |
| LARRY A. PELUSO AND JOSEPH R. BOLTON, | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANTHONY OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-273 |
| | ) | |
| AMERIS BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff is a vexatious litigant and the Court has imposed a series of restrictions on his ability to file future frivolous lawsuits. *See Oliver v. City of Pooler, et al.*, CV4:18-100, doc. 59 (S.D. Ga. Feb. 28, 2019); *Oliver v. Lyft, Inc.*, CV 419-063, doc. 115 (Oct. 21, 2019). He has now filed a motion to rescind those restrictions in two cases. *Oliver v. Lyft*, CV 419-063, 131 (S.D. Ga. Nov. 10, 2020); *Oliver v. Lyft, Inc.*, CV4:19-125, do. 71 (S.D. Ga. Nov. 10, 2020). Among the restrictions imposed upon plaintiff is the requirement that he post a $1,000 contempt bond in addition to the normal filing fee in any future civil cases. *Oliver v. City of Pooler, et al.*, CV4:18-100, doc. 59 (S.D. Ga. Feb. 28, 2019). He now contends that this requirement effectively bars his access to the courts while he is incarcerated and unable to earn an income.

Plaintiff's motions can have no effect in the cases in which they are filed, which are both currently closed. In each case, this Court entered a Report and Recommendation recommending the imposition of filing restrictions. *Oliver v. Lyft*, CV 4:19-063, doc. 54 (S.D. Ga. Sep. 19, 2019); *Oliver v. Lyft, Inc.*, CV4:19-125, doc. 113 (S.D. Ga. Sep. 13, 2019). Plaintiff was permitted a period to object to these recommendations but failed to

do so in either. Instead, he filed appeals with the Eleventh Circuit, both of which were dismissed as untimely. *Oliver v. Lyft, Inc.*, No. 19-14998 (11th Cir. May 13, 2020) (dismissing appeal); *Oliver v. Lyft, Inc.*, CV4;19-063, doc. 130 (S.D. Ga. Nov. 9, 2020) (dismissing case); *Oliver v. Lyft, Inc.*, No. 20-10035 (11th Cir. Jun. 4, 2020) (dismissing appeal); *Oliver v. Lyft, Inc.*, CV4:19-125, doc. 70 (S.D. Ga. Nov. 5, 2020) (dismissing case).

As plaintiff's motion to rescind the filing restrictions are untimely and would have no effect in the cases in which they are filed, the Court will construe them to seek the suspension of the bond requirement in his cases which remain pending and future cases filed during plaintiff's incarceration. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (internal quotations omitted)). The Court has identified two currently pending cases brought by plaintiff in this Court filed since his

incarceration: *Oliver v. Nexstar Broadcasting, Inc.*, CV4:20-140 (S.D. Ga. Jun. 23, 2020) and *Oliver v. Peluso*, CV4:20-257 (S.D. Ga. Oct. 21, 2020). Plaintiff also brought an action in state court during his incarceration, which has been removed to this Court. *Oliver v. Ameris Bank*, CV4:20-273 (S.D. Ga. Nov. 5, 2020). Since the Court construes plaintiff's motions as, implicitly, seeking relief in those cases, the Clerk of Court is **DIRECTED** to docket plaintiff's motion in *Oliver v. Nexstar Broadcasting, Inc., et al.*, CV 4:20-140 (S.D. Ga. Jun. 23, 20200;, CV4:20-257 (S.D. Ga. Oct. 21, 2020); and *Oliver v. Ameris Bank, et al.*, CV4:20-273 (S.D. Ga. Nov. 5, 2020) and **TERMINATE** the motion in *Oliver v. Lyft*, CV 419-063, doc. 131 (S.D. Ga. Nov. 10, 2020), and *Oliver v. Lyft, Inc.*, CV4:19-125, doc. 71 (S.D. Ga. Nov. 10, 2020).

The Court does not believe the current restrictions, including the bond requirement, to be so onerous to completely foreclose plaintiff's access to the Courts. Even while incarcerated, plaintiff may seek to finance the necessary bond through other sources. In fact, in one of the currently pending cases, he has conceded to his ability to marshal funds for his litigation. *Oliver v. Nexstar Broadcasting, Inc.*, CV4:20-140, doc 1-1 at 1 (S.D. Ga. May 14, 2020) ("I have $300.00 dollars toward the filing

fee in this case whereas a money order cleared and placed on my trust account). Regardless, the purpose of the restriction is to dissuade plaintiff from filing complaints that he knows to not be meritorious. Appropriate or not, for litigation initiated by prisoners, Congress has imposed a statutory mechanism for achieving the same goal.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), prisoners that attempt to proceed in federal court *in forma pauperis* (IFP), are not excused from the cost of their litigation. 28 U.S.C. § 1915(b)(1). Rather, they may initiate their claim without the prepayment of administrative fees but are responsible for satisfying the obligation at a later time, through the garnishment of funds from their prisoner trust accounts. 28 U.S.C. § 1915(b)(2). Even if the suit is ultimately dismissed prior to service because it is frivolous, malicious, fail to state a claim, or seeks damages from an immune party, the fees remain due.

The PLRA also requires prisoners to exhaust all available administrative remedies prior to bringing a civil action challenging the conditions of his confinement. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). Failure to do so will result in the dismissal of the complaint.

A dismissal for failure to exhaust does not absolve the prisoner of his responsibility to pay the necessary filing fee.

Furthermore, the PLRA imposes a limitation on the number of non-meritorious claims that a prisoner may attempt to bring. A prisoner cannot bring a new civil action or appeal IFP if he has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to this rule being if the prisoner is in "imminent danger of serious physical injury." *Id*.

As plaintiff is currently incarcerated, the statutory restrictions imposed by Congress should supersede those imposed by the Court. Therefore, it is **RECOMMENDED** that, during the period in which plaintiff is incarcerated, if he moves to proceed *in forma pauperis*, the requirement of a $1,000 contempt bond should be **SUSPENDED** pending the Court's ruling on the IFP motion. Should plaintiff be allowed to proceed IFP, the bond shall be waived in favor of the requirements of the PLRA.

It is further **RECOMMENDED** that in cases removed from state

court, plaintiff may move for the bond to be waived.  Such motion must be supported by an affidavit attesting to his indigency and inability to remit the contempt bond and including the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date)," 28 U.S.C. § 1746.  It must also be accompanied by a copy of his prisoner trust fund account statement.  The bond should be **SUSPENDED** pending the disposition of the motion.  The bond should remain a requirement for any case filed before or after plaintiff's incarceration and of all cases in which plaintiff does not proceed IFP.  All other requirements of the filing restrictions should remain in effect.

    This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of December, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA